IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIBSON HALL, | § | |
| | § | |
| Defendant Below, | § | No. 363, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 88004234DI (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 27, 2018
Decided: August 17, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, the Court concludes that:

(1) On July 16, 2018, the appellant, Gibson Hall, filed a notice of appeal from a Superior Court order, dated June 18, 2018, denying his motion for transcripts. Hall sought the transcripts to provide documentation in support of postconviction relief. The Senior Court Clerk issued a notice directing Hall to show cause why this appeal should not be dismissed based upon this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Hall argues that the order denying his motion for transcripts is final and immediately appealable.

(2) Hall is mistaken. Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[1] The Superior Court's June 18, 2018 order denying Hall's motion for transcripts is an interlocutory order.[2] The denial of a motion for transcripts is not appealable as a final order before entry of a final judgment on a motion for postconviction relief.[3] In denying Hall's motion for transcripts the Superior Court noted that a motion for postconviction relief would likely be subject to summary dismissal under Superior Court Criminal Rule 61(d)(2), but Hall did not file a motion for postconviction relief and the Superior Court did not deny a motion for postconviction relief in the June 18, 2018 order.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g., Davis v. State*, 2014 WL 4243634, at *1 (Del. Aug. 26, 2014) (holding that order denying motion for transcripts to pursue further postconviction remedies was interlocutory).

[3] *Id.*